IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2607-N-BN |
| | § | |
| CAPITAL ONE and ANDREW YOUNG, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Paying the statutory filing fee, Randy Moore filed his *pro se* lawsuit against

Capital One and its chief financial officer, Andrew Young, and, through an amended

complaint, Moore alleges that there is federal question subject matter under the

Federal Reserve Act and the "Bills of Exchange Act" and that Defendants breached a

contract, failed to perform fiduciary duties, and failed to accept an "endorsed bill."

Dkt. No. 7.

Chief United States District Judge David C. Godbey referred this lawsuit to

the undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

Defendants moved to dismiss Moore's amended complaint under Federal Rules

of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). *See* Dkt. Nos. 8 & 9. And Moore

responded by moving for leave to amend his complaint, attaching a proposed

pleading, in which he alleges that the defendants breached three federal statutes (the

Federal Reserve Act, the Truth in Lending Act, and the Equal Credit Opportunity

Act) and the "Bills of Exchange Act" because, after Moore unilaterally sent documents to the defendants, they failed to respond and thus defaulted on an agreement between the parties, causing Moore millions of dollars in damages. *See* Dkt. No. 12.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motions to dismiss, deny the motion for leave to amend, and dismiss this lawsuit.

## Discussion

### I.    Moore fails to establish subject matter jurisdiction.

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). So consideration of "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (citation omitted).

Moore chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)); *Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("Assertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." (cleaned up)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Moore invoked federal question jurisdiction under Section 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause

of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

The "'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted). But

> "a federal court [is also] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

*Perez v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187, at *3 (5th Cir. Mar. 31, 2022) (per curiam) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), then *Gunn*, 568 U.S. at 258).

While Moore cites a federal statute, the Federal Reserve Act, merely citing a federal statute does not establish jurisdiction under Section 1331 where no facts alleged in the complaint could demonstrate a violation of the statute cited. Moreover, the Federal Reserve Act fails to provide a private cause of action, such that it could support jurisdiction under Section 1331. *See Hicks v. Capital Bank*, No. 3:24-cv-517-G, 2024 WL 1287626, at *1 (N.D. Tex. Mar. 26, 2024) (observing "that the Federal

Reserve Act does not provide individuals with a private cause of action" and that reliance on the so-called Bills of Exchange Act, which is not a federal statute, is "similarly frivolous" (citations omitted)).

The Court should therefore dismiss the amended complaint for lack of subject matter jurisdiction.

## II.    Moore fails to establish the Court's jurisdiction over Young.

But, if there somehow is subject matter jurisdiction, the Court should nevertheless dismiss the claims against Young for lack of personal jurisdiction under Rule 12(b)(2) where Moore fails to allege either Young's citizenship or residency and Young asserts that he is not resident in Texas.

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). "As the Texas long-arm statute extends as far as constitutional due process allows, we only consider the second step of the inquiry." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Two types of personal jurisdiction may be exercised over a nonresident defendant: general and specific.

"General jurisdiction 'requires continuous and systematic forum contacts and allows for jurisdiction over all claims against the defendant, no matter their connection to the forum.'" *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 288 (5th Cir. 2020) (quoting *In re Depuy Orthopaedics, Inc., Pinnacle Hip Implant*

*Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018)). So "it is 'incredibly difficult to establish general jurisdiction in a forum other than'" where a defendant is at home. *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) (quoting *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020)).

"Specific jurisdiction, on the other hand, demands a connection between the suit and the forum," *Zoch*, 810 F. App'x at 288 (citing *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F.*, 582 U.S. 255, 262 (2017)). Accordingly, it "focuses on the relationship among the defendant, the forum, and the litigation." *Seville*, 53 F.4th at 895 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

> In evaluating whether due process permits the exercise of specific jurisdiction, [courts in this circuit] consider
>> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.
>
> If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable.

*Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006); footnote omitted).

"For there to be minimum contacts, a defendant must have 'purposefully availed himself of the benefits and protections of the forum state' 'such that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007), then *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting, in turn, *World-Wide Volkswagen Corp.*

*v. Woodson*, 444 U.S. 286, 297 (1980))).

"In other words, for specific personal jurisdiction to exist over [a nonresident defendant], there must be an affiliation between the forum and the underlying controversy." *Conti 11. Container Schiffarts-GMBH & Co. KG M.S., MSC Flaminia v. MSC Mediterranean Shipping Co. S.A.*, 91 F.4th 789, 794 (5th Cir. 2024) (cleaned up; quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)).

This "constitutional touchstone" "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 474, 475 (cleaned up).

And that Moore has sued Young in Texas is just that: random and fortuitous. Moore alleges no facts to show that Young has any affiliation with the State.

## III.  Moore fails to allege plausible claims. And his proposed amended pleading is similarly deficient. So granting leave to amend would be futile.

Again, if there somehow is subject matter jurisdiction, in deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see also Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("A plaintiff can allege that objects dropped in water generally get wet; the defendant dropped an object in water; and that it is therefore highly likely the object got wet. Sure, it is possible that the defendant's particular object somehow escaped the water by landing on a boat or an animal. But just as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

Accordingly, Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume

true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

In sum, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

And, while "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (cleaned up).

That said, Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229

(5th Cir. 2022)).

As set out above, the facts alleged in the operative complaint fail to allege a claim under the only viable statute invoked.

So the undersigned will focus on the claims as alleged through the proposed amended pleading, which adds a citation to the Truth in Lending Act ("TILA") and the Equal Credit Opportunity Act ("ECOA"), both actual federal statutes, but includes no facts to support a violation of either. *See Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705-06 (5th Cir. 2017) ("To state a claim for relief under the ECOA, the plaintiffs must plausibly show that they were discriminated against in violation of the statute. More specifically, the complaint must plausibly allege that (1) each plaintiff was an 'applicant'; (2) the defendant was a 'creditor'; and (3) the defendant discriminated against the plaintiff with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class." (citations and footnote omitted)); *Val-Com Acquisitions Tr. v. Bank of Am., N.A.*, No. 3:10-cv-1965-M, 2011 WL 2312284, at *3 (N.D. Tex. June 9, 2011) ("Even if Plaintiffs were granted relief from the statute of limitations, the Plaintiffs' claims fail under Rule 8. Plaintiffs do not state a single fact in their Amended Complaint about what TILA disclosures were not made by AWL, BOA, or BAC, or through what actions procedures were violated.").

Putting aside the statutes and focusing on the facts that Moore does allege, a defendant's failing to return a negotiable instrument that Moore sent to it unprompted neither results in a breach of contract nor a breach of fiduciary duties.

Starting with the breach-of-contract claim, "[f]orming a valid contract under

Texas law requires: (1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *U.S. Bank Nat'l Ass'n v. Richardson*, No. 3:17-cv-2271-L, 2019 WL 1115059, at *3 (N.D. Tex. Mar. 11, 2019) (cleaned up).

"Once a valid contract is formed, to assert a claim for its breach under Texas law, a plaintiff must establish (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Id.* (cleaned up).

But Moore fails to allege facts to support all (if any) of the required elements.

The same is true for the alleged breach of fiduciary duty where Moore, for example, fails to even offer facts that could show the existence of a fiduciary relationship between Capital Bank and him. *See, e.g.*, *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 215 (5th Cir. 2018) ("The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship must exist between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." (quoting *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 581 (5th Cir. 2015) (quoting, in turn, *Graham Mortg. Corp. v. Hall*, 307 S.W.3d 472, 479 (Tex. App. – Dallas 2010, no pet.)))).

In sum, dismissal is also appropriate under Rule 12(b)(6), and granting leave to amend would be futile.

**Recommendation**

The Court should grant Defendants' motions to dismiss [Dkt. Nos. 8 & 9], deny the motion for leave to amend [Dkt. No. 12], and dismiss this lawsuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 23, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE